■ In the Matter of DOROTHEA J. SIMONSEN, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF HUNTINGTON et al., Respondents. (Matter No. 1.) CATHERINE NETTESHEIM et al., Respondents, v DOROTHEA J. SIMONSEN, Appellant, et al., Defendant. (Matter No. 2.) [806 NYS2d 724]—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated July 8, 1999, which granted the application of Catherine Nettesheim and Peter Nettesheim for an area variance, and a related action to recover damages sustained by reason of a preliminary injunction, Dorothea J. Simonsen appeals (1), by permission, from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated May 9, 2003, and entered in the proceeding pursuant to CPLR article 78, which determined that Catherine Nettesheim and Peter Nettesheim had sustained damages in the sum of $30,000 and (2), as limited by her brief, from so much of an order and judgment (one paper) of the same court (Baisley, Jr., J.), entered February 2, 2004, in the action to recover damages, as granted the motion of Catherine Nettesheim and Peter Nettesheim for summary judgment against her, and is in favor of Catherine Nettesheim and Peter Nettesheim and against her in the principal sum of $30,000.

Ordered that the order is modified, on the law, by deleting the provisions thereof determining that Catherine Nettesheim and Peter Nettesheim sustained damages in the sum of $30,000 and substituting therefor a provision determining that they sustained damages in the principal sum of $22,722; as so modified, the order is affirmed; and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof awarding damages to Catherine Nettesheim and Peter Nettesheim in the principal sum of $30,000 and substituting therefor a provision awarding them damages in the principal sum of $22,722; as so modified, the order and judgment is affirmed insofar as appealed from and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended order and judgment; and it is further,

Ordered that one bill of costs is awarded to Catherine

Nettesheim and Peter Nettesheim payable by Dorothea J. Simonsen.

Although the Supreme Court determined that Catherine Nettesheim and Peter Nettesheim established entitlement to damages in the total amount of $32,322, the court limited the damages recoverable to the principal sum of $30,000, the amount of an undertaking that had been previously posted by the appellant.

The Supreme Court erred in determining that Catherine Nettesheim and Peter Nettesheim were entitled to recover certain awards of counsel fees in the amount of $5,000, which were solely related to a prior appeal taken from a judgment of the Supreme Court, Suffolk County, entered April 28, 1998. Such counsel fees were not incurred "by reason of the injunction" (CPLR 6312 [b]; *see Cross Props. v Brook Realty Co.*, 76 AD2d 445, 458-459 [1980]; *cf. Republic of Croatia v Trustee of Marquess of Northampton 1987 Settlement*, 232 AD2d 216 [1996]).

Moreover, the Supreme Court erroneously included the sum of $4,600 in the award of damages. Catherine Nettesheim and Peter Nettesheim failed to demonstrate by credible evidence that they paid the sum of $4,600 to a contractor for a stop work penalty.

Thus, the total damages to which Catherine Nettesheim and Peter Nettesheim were entitled is $22,722, representing $32,322 less the sums of $5,000 in counsel fees and $4,600 for the unproven contractor's fee.

The appellant's remaining contentions are without merit. S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.